FILED

JAN 28 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PAUL BAXTER,<br><br>    Petitioner,<br><br>  v.<br><br>E. VALENZUELA, Warden,<br><br>    Respondent. | No. C 12-05143 BLF (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner, a state parolee proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 setting forth three claims.[1] The petition was dismissed with leave to amend the first two claims. Petitioner filed a timely amended petition also setting forth three claims. The first claim was dismissed without further leave to amend because it still did not state cognizable grounds for federal habeas relief. Respondent was ordered to show cause why the amended petition should not be granted on the bases of the second and third claims. Respondent filed an answer addressing the merits of these two claims. Petitioner was given the opportunity to file a traverse but he did not do so. Having reviewed the briefs and the underlying record, the Court concludes that Petitioner is not entitled to relief and denies the petition.

---

[1] This matter was reassigned to this Court on April 17, 2014.

Order Denying Petition for Writ of Habeas Corpus; Denying COA
C:\Users\BLF\AppData\Local\Temp\notes8317B7\05143Baxter_deny_HC.wpd

# PROCEDURAL HISTORY

In 2008, in Contra Costa County Superior Court, Petitioner pled no contest to second-degree robbery and admitted one prior serious felony conviction. (Ans. Exs. A, C.) Pursuant to a plea agreement, the trial court sentenced him to a term of seven years in state prison, consisting of two years for the robbery and five years for the prior conviction. (*Id.*)

Petitioner did not file a direct appeal. In late 2008, he filed the first of many a habeas petition in the state courts, this one in the superior court with the assistance of counsel, claiming ineffective assistance of trial counsel. (Ans. Ex. B.) Following an evidentiary hearing, the petition was denied on January 30, 2009. (Ans. Exs. D, E.) He then filed a series of pro se habeas petitions. On March 17, 2009, he filed his second habeas petition in the superior court, which was denied on March 27, 2009. (Ans. Ex. B.) On April 9, 2009, he filed a habeas petition in the California Court of Appeal that was denied a week later; the California Supreme Court then denied his petition for review on June 10, 2009. (Ans. Ex. F.) He filed another habeas petition in the California Court of Appeal, which was denied on December 2, 2010, and then he filed one in the California Supreme Court that was denied on August 10, 2011. (Ans. Ex. G.) Petitioner then filed yet another habeas petition in the California Court of Appeal, which was denied on February 8, 2012, and a final habeas petition in the California Supreme Court on April 20, 2012, which was in turn denied on August 8, 2012. (Ans. Ex. H.)

Petitioner filed the instant federal petition on October 3, 2012.

# FACTUAL BACKGROUND[2]

Because Petitioner's two claims do not necessitate examination of the facts of the offense, a brief summary of the facts is sufficient. On March 11, 2007, Petitioner confronted Elizabeth Caballero with a knife in the kitchen of a restaurant where she was

---

[2]These facts are undisputed and are derived from the police reports and the preliminary hearing. (Reporter's Transcript ("RT") at 31-41, 61 (Ans. Ex. I)).

working and asked her for money. (RT at 6-9, 26-28, 34.) She directed him to the cash register at the front of the restaurant, and when he walked past her towards the register pointing his knife, she ran out the back door. (*Id.* at 6, 12-13, 29.) The restaurant owner, Jorge Chang, who was also at the front, backed up behind the bar and called the police while Petitioner opened the register and took out 30 or 40 dollars. (*Id.* at 12-16, 20-23.) Petitioner then left out of the back of the restaurant. (*Id.* at 16, 21.) Police found Petitioner leaving a nearby food store and arrested him, and he confessed to taking the money from the restaurant cash register and throwing the knife away. (Pet. Ex. F at 6.) The knife was found in a dumpster near the restaurant. (*Id.* at 5.)

## DISCUSSION

### A. Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams v. Taylor*, 529 U.S. 362, 384-86 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set

Order Denying Petition for Writ of Habeas Corpus; Denying COA
C:\Users\BLF\AppData\Local\Temp\notes8317B7\05143Baxter_deny_HC.wpd

3

of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if the state court correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. "Under § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409. The federal habeas court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The state court decision to which Section 2254(d) applies is the "last reasoned decision" of the state court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Barker v. Fleming*, 423 F.3d 1085, 1091-92 (9th Cir. 2005). When there is no reasoned opinion from the highest state court considering a petitioner's claims, the court "looks through" to the last reasoned opinion. *See Ylst*, 501 U.S. at 805.

The Supreme Court has affirmed that under AEDPA, there is a heightened level of deference a federal habeas court must give to state court decisions. *See Harrington v. Richter*, 131 S. Ct. 770, 783-85 (2011); *Felkner v. Jackson*, 131 S. Ct. 1305 (2011) (per

curiam). As the Court explained: "[o]n federal habeas review, AEDPA 'imposes a highly deferential standard for evaluating state-court rulings' and 'demands that state-court decisions be given the benefit of the doubt.'" *Id.* at 1307 (citation omitted). With these principles in mind regarding the standard and limited scope of review in which this Court may engage in federal habeas proceedings, the Court addresses Petitioner's claims.

B. **Legal Claims and Analysis**

Petitioner's remaining two claims are: (1) that his sentence violates his right to due process and the Ex Post Facto Clause of the federal constitution; and (2) that he received ineffective assistance of counsel.

1. **Sentence**

Petitioner claims that his sentence breached his plea agreement because he received custody credits at a rate of 15% of the time served under California Penal Code § 2933.1, as opposed to at a higher rate. (*Id.* at 10-11.) He claims that this violated his right to due process and the Ex Post Facto Clause of the federal constitution. (*Id.*)

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). Fundamental fairness of due process requires that promises made during plea bargaining and analogous contexts be respected. *Johnson v. Lumpkin*, 769 F.2d 630, 633 (9th Cir. 1985). That a petitioner is entitled to habeas relief if a prosecutor breaches a plea agreement is clearly established Supreme Court law within the meaning of the AEDPA. *Gunn v. Ignacio*, 263 F.3d 965, 969-70 (9th Cir. 2001) (citing *Santobello*)..

There are a number of problems with Petitioner's claim that his plea agreement was breached in violation of due process. First, he claims that the trial court, not the prosecutor, breached the agreement. As explained above, the right to due process guarantees that the prosecutor will not breach the agreement. *See id.* There is no authority cited by Petitioner, or of which this Court is aware, that the trial court's

deviation from the plea agreement violates a clearly established right to due process within the meaning of AEDPA.

Even if there were such a right, Petitioner's sentence did not breach his plea agreement. Petitioner was sentenced to a term of seven years in state prison, as provided in his plea bargain. (Ans. Ex. A.) The 15% rate for custody credits, moreover, is the proper rate for his offense. Petitioner pled guilty to second-degree robbery under California Penal Code Sections 211 and 212.5. (*Id.*) Section 2933.1(a) provides that anyone convicted of a "violent offense" as defined in California Penal Code Section 667.5(c) is limited to 15% "worktime" credits. Section 667.5(c)(9) defines "any robbery" as a violent offense. Petitioner argues that only robbery of an inhabited dwelling is a violent felony (Amend. Pet. at 8), but Section 667.5(c)(9) plainly states that it includes "any robbery." Petitioner also asserts that he did not know that the 15% limit would apply to him when he entered his plea. (Amend. Pet. at 10-11.) The record shows that on the plea form he initialed the provision stating "I understand that because I am pleading guilty/no contest to a violent felony (as defined in § 667.5(c), my conduct credits (both locally and at State Prison) are limited to a maximum of 15% P.C. § 2933.1)" (Ans. Ex. A "Advisement of Rights" at 2), and at the plea colloquy he told the court that he had reviewed the plea form with counsel and understood the provisions that he initialed. (Ans. Ex. C at 6-7). Petitioner also complains that the credits limitation breached his agreement because the agreement provided that all other "charges, enhancements, or other allegations" would be dismissed. (Amend. Pet. at 10.) The credits limitation is not a charge, enhancement or allegation, but simply a statutory consequence of his conviction, and indeed one that he knew about when he entered the agreement. For these reasons, the sentence Petitioner received did not breach his plea agreement so as to violate his right to due process.

Petitioner also claims that imposition of the 15% limitation on custody credits also violated the Ex Post Facto Clause. (*Id.* at 10-11.) The Ex Post Facto Clause prohibits the government from enacting any law that (1) makes an act done before the passing of the

law, which was innocent when done, criminal; (2) aggravates a crime or makes it greater than it was when it was committed; (3) changes the punishment and inflicts a greater punishment for the crime than the punishment authorized by law when the crime was committed; or (4) alters the legal rules of evidence and requires less or different testimony to convict the defendant than was required at the time the crime was committed. *Carmell v. Texas*, 529 U.S. 513, 519-538 (2000). Neither Section 2933.1, nor the inclusion of "any robbery" as a violent offense subject to Section 2933.1, have changed since 2002, prior to Petitioner's offense and sentence. *See* Cal. Pen. Code §§ 667.5(c)(9), 2933.1. Petitioner therefore did not suffer any retroactive effect from these statutes. As a result, there can by no ex post facto violation.

Petitioner's sentence, including the custody credits limitation, did not violate his right to due process or the Ex Post Facto Clause. The state courts' denial of this claim was therefore neither contrary to nor an unreasonable application of federal law, and Petitioner is not entitled to federal habeas relief on this claim.

### 2. **Ineffective Assistance of Counsel**

Petitioner claims that counsel provided ineffective assistance in violation of the Sixth Amendment. He claims that counsel failed to adequately investigate and research the case to develop defense arguments of mistaken identity (Amend. Pet. at 12-15), intoxication (*id.* at 12), mental defect (*id.* at 16-20), and the absence of fingerprints on various items at the crime scene (*id.* at 20-21). The trial court held an evidentiary hearing with new counsel representing Petitioner, at the end of which the trial court rejected his claims. (Ans. Ex. E.)

A defendant's right to counsel under the Sixth Amendment is violated if counsel's performance was deficient, i.e. it fell below an "objective standard of reasonableness" under prevailing professional norms, and prejudicial, i.e. "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-89, 693-94 (1984).

Petitioner's plea of "no contest" precludes habeas review of his claim, however. A

defendant who pleads guilty[3] cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. *Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (holding that guilty plea forecloses consideration of pre-plea constitutional deprivations); *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973) (same). Claims that defense counsel failed to investigate and develop a defense are precluded by a guilty plea under *Tollett*. *Fairbank v. Ayers*, 650 F.3d 1243, 1254-55 (9th Cir. 2011). Under this authority, therefore, Petitioner's claims that prior to his no contest plea, defense counsel did not adequately investigate and develop defenses are precluded by his plea. *See, also, Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir. 1994) (plea foreclosed claim that prior to plea defense counsel failed to prevent admission of his confession).

The only challenges left open in federal habeas corpus after a guilty plea is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). The only claim of this nature made by Petitioner is that he did not know about the 15% limitation on custody credits because counsel never told him about it. Petitioner claims that as a result of his ignorance, when he entered his no contest plea, it was not intelligent or voluntary. (Amend. Pet. at 21.) As discussed above, the record plainly shows, that Petitioner was in fact informed of the 15% credits limitation in his plea form, that he initialed it, and he told the trial court that he understood it. (Ans. Ex. A "Advisement of Rights" at 2; Ex. C at 6-7.) Therefore, his assertion that he did not know about the credit limitation is contradicted by the record and did not render his plea involuntary or unintelligent. Furthermore, custody credit limitations are a collateral, not direct, consequence of a guilty plea, *see Johnson v. Puckett*, 930 F.2d 445, 448 (5th Cir. 1991), and counsel's failure to inform a defendant of a collateral consequence of a guilty plea does not constitute ineffective assistance under

---

[3] Under California law, a "plea of nolo contendere 'is the functional equivalent of a guilty plea.'" *United States v. Anderson*, 625 F.3d 1219, 1220 (9th Cir. 2010) (quoting *People v. Whitfield*, 54 Cal. Rptr. 2d 370, 377 (Cal. Ct. App. 1996)).

the Sixth Amendment standard, *see Torrey v. Estelle*, 842 F.2d 234, 237 (9th Cir. 1988) (failure to advise of collateral consequences cannot be held to be below objective standard of reasonableness). Therefore, any failure of counsel to inform him of the credit limitation did not amount to ineffective assistance of counsel under the Sixth Amendment.

Petitioner's no contest plea prohibits his claims that counsel was ineffective in failing to investigate and develop defenses. Furthermore, he has not shown counsel's alleged failure to inform him of the custody credits limitation either violated his Sixth Amendment right to counsel or rendered his plea involuntary or unintelligent. Accordingly, the state court's denial of his claim that he received ineffective assistance of counsel was neither contrary to nor an unreasonable application of federal law, and habeas relief is not warranted on this claim.

## CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus is **DENIED**.

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is **DENIED**.

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: January 28, 2015

BETH LABSON FREEMAN
United States District Judge

Order Denying Petition for Writ of Habeas Corpus; Denying COA
C:\Users\BLF\AppData\Local\Temp\notes8317B7\05143Baxter_deny_HC.wpd